REIDUN STRØMSHEIM # 104938
STROMSHEIM & ASSOCIATES
201 California Street, Suite 350
San Francisco, California 94111
Telephone: (415) 989-4100
Fax: (415) 989-2235
rstromsheim@stromsheim.com

Attorneys for Trustee,
JEFFRY G. LOCKE

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:

GHOLAMALI FARZIN KHALIFEH

SS # - - - - - 2016

       Debtor
_____

JEFFRY G. LOCKE, Trustee
       Plaintiff

v.

HAMID AMOUZADEH
       Defendant

Case No. 09-12530

Chapter 7

AP #

**COMPLAINT TO RECOVER FRAUDULENT AND/OR PREFERENTIAL TRANSFERS**

     COMES NOW, Jeffry G. Locke, trustee of the above-referenced bankruptcy estate, and alleges as follows:

**JURISDICTION**

     1. Jurisdiction over this action exists pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334, and venue is proper pursuant to 28 U.S.C. § 1409.

     2. This adversary proceeding is a core matter pursuant to 28 U.S.C. § 157(b).

## PRELIMINARY ALLEGATIONS

3. Gholamali Farzin Khalifeh (hereinafter referred to as "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code on August 9, 2009.

4. Plaintiff, Jeffry G. Locke (hereinafter referred to as "Plaintiff"), is the duly appointed, authorized and acting trustee of the Debtor's bankruptcy estate.

5. Defendant, Hamid Amouzadeh ("Defendant"), is an individual residing in California, and is the brother-in-law of the Debtor.

## FIRST CLAIM FOR RELIEF
(Avoidance of Preferential Transfer - 11 U.S.C. § 547)

6. Plaintiff incorporates by reference each and every allegation in the paragraphs above, as though fully set forth herein.

7. During the year prior the Debtor's bankruptcy filing, including, but not limited to the following dates and amounts, the Debtor paid to Defendant the following:

| | |
|---|---|
| January 14, 2009 | $ 40,000 |
| January 26, 2009 | $ 36,000 |
| April 20, 2009 | $ 20,000 |
| April 14, 2009 | $ 10,000 |

which payments are referred to herein as the "Transfers".

8. The money transferred was the property of the Debtor.

9. The Transfers were made on account of antecedent debt(s) owed by the Debtor to Defendant.

10. The Transfers were made while the Debtor was insolvent.

11. The Transfers enabled Defendant to receive more than he would have received under a Chapter 7 liquidation if the transfer had not been made.

WHEREFORE, Plaintiff requests relief as set forth below.

## SECOND CLAIM FOR RELIEF
(Fraudulent Conveyance 11 U.S.C. § 548(a)(1))

12. Plaintiff realleges each and every allegation set forth above, as though fully set forth herein.

13. The Transfers were made within two years prior to the Petition Date.

14. The Transfers were made with actual intent to hinder, delay or defraud the Debtor's creditors, as evidenced by (1) the close relationship between the transferor and transferee; (2) the transfer was in anticipation of claims from creditors, and were in fact as made less than one month prior to the Debtor's bankruptcy filing; (3) the transferor debtor was insolvent at the time; (4) all or substantially all of the Debtor's property was transferred; (5) the transfer so completely depleted the Debtor's assets that the creditor has been hindered or delayed in recovering any part of his/her claim; and (6) the Debtor received inadequate consideration for the transfer.

WHEREFORE, Plaintiff requests relief as set forth below.

### THIRD CLAIM FOR RELIEF
**(Fraudulent Conveyance 11 U.S.C. § 548(a)(2))**

15. Plaintiff realleges each and every allegation set forth above, as though fully set forth herein.

16. The Transfers were made without the Debtor receiving reasonably equivalent value in exchange for the transfer.

17. The Transfers were made while the Debtor was insolvent; or the Debtor became insolvent as a result of the Transfers; or the Debtor was engaged in business or a transaction for which any property remaining with the Debtor were an unreasonably small capital; or the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

WHEREFORE, Plaintiff requests relief as set forth below.

### FOURTH CLAIM FOR RELIEF
**(Recovery of Money - 11 U.S.C. § 550)**

18. Plaintiff realleges each and every allegation set forth above, as though fully set forth herein.

19. Pursuant to 11 U.S.C. § 550(a), to the extent a transfer is avoided under 11 U.S.C. § 547 and/or § 548, Plaintiff may recover, for the benefit of the estate, the property or the value of the property from the entity to which the transfer was made.

WHEREFORE Plaintiff requests relief as set forth below.

# FIFTH CLAIM FOR RELIEF
## (Objection to Claims - 11 U.S.C. Sec. 502(d))

20. Plaintiff incorporates by reference each and every allegation in the paragraphs above, as though fully set forth herein.

21. In the event that Defendant has filed or shall file a proof of claim or proofs of claim herein, each and every claim of Defendant should be disallowed on the grounds that it has not surrendered the Transfers or the value of the Transfers, which Transfers are avoidable under one of the above-stated causes of action; but without limitation as to any and all other grounds of disallowance not known to Plaintiff at this time but that may be established according to proof.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1. For a judgment against Defendant avoiding the Transfers of the Property to him;
2. For a judgment against Defendant in an amount according to proof;
3. For prejudgment interest at 10% from the date of each of the Transfers;
4. For costs incurred; and
5. For such other and further relief as this Court deems just and proper.

DATED: November 2, 2009

                                        STROMSHEIM & ASSOCIATES

                                        BY      /s/     Reidun Stromsheim
                                        Attorneys for Plaintiff,
                                        JEFFRY G. LOCKE, Trustee

STROMSHEIM & ASSOCIATES